## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN PABLO LOPEZ CAIZA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-4420** |
| | : | |
| **J.L. JAMISON, JOHN E. RIFE,** | : | |
| **SECRETARY MARKWAYNE** | : | |
| **MULLIN, TODD BLANCHE, U.S.** | : | |
| **DEPARTMENT OF HOMELAND** | : | |
| **SECURITY, EXECUTIVE OFFICE OF** | : | |
| **IMMIGRATION REVIEW** | : | |

## <u>ORDER</u>

**AND NOW**, this 7th day of July 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for several years and being detained during a routine check-in, Respondents' timely Response (ECF 5), Respondents' Notice (ECF 7) responsive to our July 1, 2026 Order (ECF 6), and Petitioner's Reply (ECF 9), having reviewed the I-862 Notice to Appear suggesting a hearing set for yesterday (ECF 1-3 at 2), carefully considering the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, unaware of what occurred in a referenced July 6, 2026 hearing (if any), mindful Respondents repeat arguments denied by our colleagues from several earlier similar petitions, and finding, as our colleagues have found facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and Respondents subjecting a noncitizen paroled into the United States and living in the country for years to mandatory detention under 8 U.S.C. § 1225(b)(1) is unlawful leading us to be persuaded by our colleagues' analysis  and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b) narrowly,[2] and there is no basis for mandatory

detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.       Petitioner Juan Pablo Lopez Caiza is not subject to mandatory detention under 8 U.S.C. § 1225(b);

2.       Respondents shall **forthwith** release Petitioner Juan Pablo Lopez Caiza from federal government custody no later than **5:00 PM EST** on **July 7, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **NOON EST** on **July 8, 2026**;

3.       Respondents are temporarily enjoined from re-detaining Juan Pablo Lopez Caiza until no earlier than **July 22, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Lopez Caiza with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.       Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Lopez Caiza from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law by an immigration judge with jurisdiction finding Mr. Lopez Caiza is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Lopez Caiza from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Lopez Caiza; and,

5.       The Clerk of Court **CLOSE** this case.

KEARNEY, J.

2

[1] *See* ECF 5 at 2 n.1 (citing *Villarreal Torres v. Jamison,* No. 26-2, 2026 WL 937929, at *1 (E.D. Pa. Apr. 7, 2026); *Talabadze v. Rose*, No. 26-036 (E.D. Pa. Jan. 30, 2026) (Perez, J.); *Vazquez-Diaz v. Rose*, Civ. 26-342 (E.D. Pa. Feb. 10, 2026) (Gallagher, J.); *Vargas Quejada v. Jamison*, No. 26-914 (E.D. Pa. Feb. 17, 2026 (McHugh, J.); *Nawab Ali v. Jamison*, No. 26-729 (E.D. Pa. Feb. 19, 2026) (Quiñones Alejandro, J.); *Zavala Ulloa v. Jamison*, No. 26-823 (E.D. Pa. Feb. 20, 2026) (Marston, J.); *Green v. Jamison*, No. 26-773 (E.D. Pa. Feb. 26 2026) (Scott, J.).

The United States asks us to rely on Judge Wolson's analysis earlier this year in *Ribeiro v. Jamison*, No. 26-2326, 2026 WL 1413551 (E.D. Pa. May 20, 2026). Judge Wolson addressed whether Congress through the Immigration and Nationality Act permitted the Department to return a formerly paroled noncitizen to mandatory section 1225(b)(1)(B)(ii) custody after his parole expired, where the petitioner had been arrested for theft-related offenses after parole expired, failed to appear in immigration court, been ordered removed in absentia, and remained a fugitive for approximately two years. Id. at *1–2, *4–6. The petitioner did not raise these issues before Judge Wolson. We find different facts lead to a different result.

[2] The United States argues Mr. Lopez Caiza is not detained under 8 U.S.C. § 1225(b)(2)(A) but under 8 U.S.C. § 1225(b)(1) because Department of Homeland Security initially processed him for expedited removal after he entered the United States without inspection in 2022. ECF 5 at 2. The United States represents the Department placed Mr. Lopez Caiza into standard removal proceedings under 8 U.S.C. § 1229a after he claimed fear of return, and then paroled him under 8 U.S.C. § 1182(d)(5) on June 19, 2022. *Id.* at 2–3. The United States further argues Mr. Lopez Caiza's parole automatically terminated one year later and he returned to his pre-parole status of mandatory detention under section 1225(b)(1). *Id.* at 3.

We, like our colleagues in analogous post-parole re-detention cases, are not persuaded by the United States' reasoning. *See, e.g., Vasquez Diaz*, No. 26-342; *Talabadze*, No. 26-360; *Sadykov*, No. 26-86. Mr. Lopez Caiza is not an arriving noncitizen detained at the border. He entered the United States in 2022, received parole, lived in the Philadelphia area for years, complied with his immigration conditions and routine check-ins, and the Department detained him during a routine check-in on June 25, 2026. ECF 1 ¶¶ 17–20; ECF 9 at 1–4. Mr. Lopez Caiza applied for asylum, received a negative credible-fear finding from United States Citizenship and Immigration Services, requested Immigration Judge review, and an Immigration Judge vacated the credible-fear determination in March 2026. ECF 8-1 at 2.

The Department did not re-detain Mr. Lopez Caiza when his parole purportedly expired in June 2023. It waited until June 2026 and then detained him under an administrative warrant during a scheduled check-in at the Immigration and Customs Enforcement office. ECF 1 ¶ 20; ECF 9 at 4. The Departmentexplicitly invokes officers' authority under "section[] 236 . . . of the Immigration and Nationality Act . . . to serve warrants of arrest for immigration violations"; section 236 is codified at 8 U.S.C. § 1226. *See* Form I-200, Warrant for Arrest of Alien. The Department also served Mr. Lopez Caiza with a Notice to Appear placing him in removal proceedings and charging him as a noncitizen present in the United States without being admitted or paroled, not as an arriving alien. ECF 1 ¶ 20; ECF 5-4. The United States' charging documents admit its view (at least before this case) Mr. Lopez Caiza is not detained as an arriving noncitizen under section 1225(b)(1) but instead falls within the discretionary detention framework in section 1226(a).

The United States' records also cause us to pause to evaluate certain fact inconsistences. *See, e.g.*, ECF 8-1 (Form I-213 contains two different date of births for Mr. Lopez Caiza); *compare* ECF 5-1 *with* ECF 8-1 (reflecting different dates for Mr. Lopez Caiza's June 2022 encounter with United States Border Patrol). We do not suggest these fact inconsistencies as to dates are material to our legal determination but may reflect an improperly expedited approach to Mr. Lopez Caiza's rights.